## BOYD v. WOODFIN.

1. The authority conferred by the statute on judges of the County Courts, to grant writs of *certiorari* and *supersedeas*, is only given for the purpose of removing a cause from a justice's jurisdiction, that the party complaining may have a trial *de novo*.
2. And such authority to supersede executions from their own courts, cannot be extended to supersede perpetually, those issued by justices of the peace.

BELL and Woodfin executed several notes to Boyd, upon which suit was brought, and all had been satisfied but one, whereon judgment had been rendered by a justice of the peace of Madison county, for $49 34. Upon this judgment an execution was issued, and levied on a negro slave, as the property of Bell; and to whom, claim was made by one Milikin. A trial of the right was had before the justice, in February, 1826, in which the slave was found to belong to Bell, for the unexpired balance of the year, he having been hired by Bell, and subject to said execution. Milikin took an appeal to the Circuit Court of Madison, and while the suit was there pending, Boyd

took out another execution, which was levied on the property of Woodfin, and the same advertised for sale. Woodfin thereupon filed his petition to the County Court, setting forth the above facts; that he was only security in the note for Boyd; that the trial of the right of property was still undetermined; that Bell had property enough to. satisfy the execution; and praying for writs of *certiorari* and *supersedeas*, which were accordingly granted. On the trial at August term, 1827, of the County Court, Boyd moved to discharge the *supersedeas*, on the ground of the insufficiency of the facts stated in the petition; but the Court overruled this motion. In addition to the papers certified by the magistrate, Woodfin produced the record of the Circuit Court, in which the verdict and judgment of the justice's court, as to the right of property in the slave had been affirmed; and upon this, without issues, the County Court gave judgment against Boyd, rendering the *supersedeas* perpetual, and quashing the execution.

Boyd sued out his writ of error to this Court, and here assigns, 1st. the awarding of the writs of *certiorari* and *supersedeas;* and 2d. the rendition of judgment without a jury against him, and quashing the execution, as grounds of error.

BRANDON, for the appellant. The first point insisted on is this, that the County Court ought not to have granted the writs of *certiorari* and *supersedeas*, on the case made out by the petition; and if granted at all, they should have been dismissed on the motion made in the Court below. There does not appear from any thing in the record or proceedings in said cause, to be any error in the issuance of said execution, or in the proceedings before the justice of the peace. The execution is founded on a living and correct judgment, and is issued by a proper officer, and in favor and against the proper parties to the suit before the justice, and is in the usual form; so that there appears to be no ground for quashing the execution, apparent upon the record in the said cause; and I take it as admitted, since the decision of the case of *Fryer v. Austill,*[a] in this Court, that an execution cannot be quashed, for any error or irregularity which does not appear on the record, or which arises *aliunde*. But if facts could be inquired into, with a view to quash an execution which has been issued in due form, and which facts arise after, or even before the issuance of the execution, still those set forth

in the petition, were not sufficient to quash it. Even if Woodfin were the security of Bell, the plaintiff was not bound to await the tardy litigation of Milikin's title to the negro slave levied on; as to that matter, Woodfin was as much bound to pay Boyd as Bell was. He had neither law nor equity against Boyd; and Boyd had a complete legal right to compel Woodfin or Bell either to pay the money due on the execution. From the proof adduced in the case, it does not appear that Woodfin was even the security in the note, but the fair presumption is, that he was not, as it was not proven on the trial.

Again, a court of law has no right to supersede any execution but its own; and can then quash only for the errors apparent upon the record, or upon the face of the execution as before stated; and those errors must be such as would quash the execution on motion merely. The office of the *supersedeas,* is to bring the execution before the Court to quash it; when that duty is performed it is spent, and must of course be proper in cases alone where the record and proceedings of the Court can be reviewed; for upon a decision of a cause upon *supersedeas,* it could not be sent back for further proceedings in the inferior Court; cases coming from justices are tried *de novo,* but upon *supersedeas* it cannot be thus tried, for the *supersedeas* is the first step. The County Court of Madison could not therefore grant a *supersedeas* in any case before a justice of the peace, in the first instance; but application should be first made to the justice who issued the execution to supersede and quash it, and if he refused, the higher Courts could then compel the justice to do his duty. This latter point at first sight may seem to be rather wild and novel, but I apprehend when the law on the subject of *supersedeas* is thoroughly examined, it will be found that it is substantiated by authority. By the laws of Alabama, justices of the peace have exclusive jurisdiction in all cases where the amount in controversy does not exceed fifty dollars; and there is no other way by which the higher Courts can obtain jurisdiction in any such case, except by appeal or *certiorari,* and in either of those cases, there must have been a final judgment on the matter in controversy between the parties, before an appeal or *certiorari* will lie. Was there any final judgment in this case by the justice on the matter in controversy? There was none; there could be none, for the matter was never brought before him for adjudication. Then the County

JANUARY 1831

Boyd
v.
Woodfin.

Court in this case must have assumed original jurisdiction of the matter, which was under fifty dollars. It will not do to say that there had been a final judgment on the note; that was not the controversy. The present controversy arose after the original judgment was given, but the amount of the judgment was in controversy, which was under fifty dollars. This Court will recollect that the writ of *supersedeas* is not a prerogative writ, which can be issued by way of order or prohibition to an inferior Court, but it is a remediable writ, and one used by the Courts to keep a salutary restraint upon the final process in all cases under their own inspection, and to protect and enforce civil rights; but at common law, it never was in my opinion, extended to any case out of the Court where it was granted. Does any statute in this State, give either the Circuit or County Courts, any right to supersede executions which issue from a justice of the peace? There is none. The acts of assembly give the Circuit and County Courts concurrent rights to issue the writ of *supersedeas* in their respective Courts, but nothing more.[a]

*a* Laws of Ala 316, 204.

I have not been able to find a case, where at common law, the higher Courts would assume the right to supersede and quash executions which have issued from inferior Courts, without application having first been made to the inferior Court, and then it was only done by way of reviewing the decision of the inferior Court in the matter. I would beg leave further to suggest, that if the facts set forth in the petition are subject to be inquired into in this way, an issue ought to have been submitted to a jury to try the facts, which the Court would not grant in the cause. These are some of the reasons which occur to my mind, as conclusive against the judgment of the Court below, and therefore I feel assured that the judgment will be reversed.

By JUDGE PERRY. The facts of this case, bring to the view of the Court, the question as to the authority of a judge of any Court to supersede executions, other than those issued from his immediate Court. Although the law authorizes him to issue writs of *certiorari* and *supersedeas*, it is only for the purpose of removing a cause from a justice's jurisdiction, in order that the party complaining may have a trial *de novo*. The statute confers no authority other than that of a trial upon the merits, and the statute which gives the County Court authority to super-

sede its own executions, cannot be extended to executions issued by justices of the peace.ᵃ The County Court therefore erred in removing the whole case into that tribunal, for the purpose only, as it appears, of superseding the execution. The judgment must therefore be reversed.