## GILLELAND, use, &c. v. WARE et al.

1. It is competent for a Justice of the Peace to quash an execution issued by himself, and a party prejudiced by a refusal to quash, may remove the proceeding into a higher Court by *certiorari*.
2. A judgment was rendered against B. W. by a Justice of the Peace, who made an entry on his docket thus, " Stayed sixty days, R. H. Ware security ;" an execution issued against B. W. and R. H. W. which was levied on B. W's. property, and a forthcoming bond executed with R. H. W. as surety ; afterwards an execution issued on the forthcoming bond and was levied on R. H. W's. property— *Held*, that although there was no stay bond, and the first execution was void as to R. H. W. yet it would not be avoided so as to affect the levy on B. W's. property ; and consequently the execution issued on the forthcoming bond would not be set aside.

WRIT of Error to the Circuit Court of Talladega.

The plaintiff in error recovered a judgment before a Justice of the Peace on the 30th March, 1839, for forty-five dollars and ninety-three cents. The Justice made a statement on his docket as follows, viz: " Stayed sixty days, R. H. Ware, security." An execution issued against Bennett Ware and Richard H. Ware, on the 31st May thereafter for the amount of the judgment and costs, which was levied on the property of

the former, and a delivery bond taken with the latter as surety. The bond was forfeited and an execution issued thereon from time to time, till a *pluries execution* was levied on the property of Richard H. Ware, in May, 1841. On this levy another delivery bond was taken, with J. Hancock as the surety.

A motion was made before the Justice, on the 7th August, 1841, to quash the forthcoming bonds, and the execution last issued, but that motion was overruled: thereupon Richard H. Ware petitioned a Judge of the Circuit Court for a certiorari to remove the proceedings, so far as they concerned him into that Court; the prayer of his petition was granted and the case accordingly brought up.

A motion was made in the Circuit Court by the defendants to quash all the proceedings before the Justice of the Peace subsequent to the original judgment; and it appearing that no stay bond had been executed by Richard H. Ware, all proceedings consequent upon that assumption, as well as the delivery bonds and executions issuing upon their forfeiture were accordingly quashed.

Richard H. Ware alone petitions for a certiorari, and though the writ issues in his name alone, Bennett Ware is treated as a defendant in the Circuit Court, and they are both made defendants to the writ of error.

Moody, for the plaintiff in error.
Chilton, for the defendant.

COLLIER, C. J.—In Gray and another v. Dennis, at the last term, it was decided that a certiorari will not be awarded to remove a case from a Justice of the Peace to the County or Circuit Court, upon an allegation that an execution issued on a judgment there rendered, was irregular. But neither in that or the previous decision of Boyd v. Woodfin, [3 Stew. Rep. 357,] did it appear that a motion had been made to quash the execution; and not only the execution was suspended in its operation, but the judgment itself was removed to the appellate Court. The case before us is distinguishable from those cited in this—here the judgment of the Justice is not complained of, nor is he inhibited pending the case in the Circuit Court

from issuing a proper execution thereon; here the party preju-
diced by the execution complains of its irregularity, and by the
Justice endeavors to have it vacated, and upon an order sus-
taining it, asks the judgment of the Circuit Court. Under
these circumstances, was the certiorari properly allowed?

In the Mobile Cotton Press, &c. v. Moore & Magee, [9 Por-
ter's Rep. 679,] it was held to be well settled at common law,
that Courts of judicature possess a controlling power over the
acts of their officers and process, which it is their duty to ex-
ercise in advancement of justice. This rule does not seem to
be confined to any court, but pertains to all, without reference
to the extent of their jurisdiction. It is then competent for a
Justice of the Peace to vacate, by an order for that purpose,
an execution issued by himself; the more especially if it has
not been satisfied by a voluntary payment, or the levy on and
sale of property; whether he could act in these cases so as to
affect the rights of other persons not parties to the process, we
need not inquire.

If the only evidence of Richard H. Ware being the surety of
Bennett Ware in the stay bond, was the memorandum made
by the Justice on his docket, then he should not have been a
defendant in the first execution, and as to him it was unauthor-
ized. But that execution was not levied on his property, and
consequently did not prejudice him. B. Ware could not have
been injured by having another person associated with him as
a defendant, and the great indulgence extended to the proceed-
ings of Justices of the Peace, should have prevented the enter-
tainment of a motion by him to quash the execution. It may
then be conceded that the first execution should have been set
aside as to R. H. Ware, yet as it spent its force without affect-
ing him, either directly or consequentially, except so far as he
voluntarily bound himself as the surety of the proper defen-
dant in a delivery bond, it should not afterwards be vacated at
his instance as to Bennett Ware. From this view it follows,
that the delivery bonds, if unobjectionable in themselves, (and
no defects are pointed out,) furnish a sufficient warrant for the
executions which issued upon them respectively, and that the
judgment of the Circuit Court is erroneous.

The most regular, (if not the only,) mode of obtaining the
revision of an order of a Justice of the Peace, quashing or re-

fusing to quash an execution, is by a certiorari.   In such a proceeding the Judge or Court awarding the writ, may make such an order in regard to the bond to be executed, as would afford to the opposite party an ample security for his debt and cost. An appeal as provided by the statute would not perhaps lie, as this remedy contemplates a judgment by the Justice upon suit brought in the usual form.   And the extraordinary remedies by *mandamus*, &c. could not be prosecuted if a certiorari be allowable; at best they are expensive, and under some circumstances could not reach the justice of the case.

We have only to add that the judgment of the Circuit Court is reversed and the cause remanded.